**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREMIUM SPORTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARIA SILVA, et al., <br><br> Defendants. | Civ. No. 15-1071 (CCC-MF) <br><br> **OPINION** |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on the motion of Plaintiff Premium Sports, Inc. ("Plaintiff") for default judgment against Defendants Maria Silva and George Silva, individually and as officers, directors, shareholders, and/or principals of a restaurant in Newark, Pombal Bar & Restaurant, Inc., doing business as Madrid Lisbon Restaurant (the "Restaurant"), and the Restaurant (collectively, "Defendants"). (ECF No. 9.) The time for Defendant to answer or otherwise respond to the Complaint has expired. See Fed. R. Civ. P. 12(a). Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on April 9, 2015. Plaintiff served Defendants with and filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) on June 4, 2015. No oppositions have been filed. For the following reasons, Plaintiff's motion for default judgment is granted.

## II. BACKGROUND

On March 2, 2014, Defendants broadcasted a soccer game between Portuguese soccer teams Vitoria Guimaraes and FC Porto. The match was broadcasted either by encrypted broadcast signal, closed circuit television, or by encrypted satellite signal or broadband and was available to New Jersey commercial establishments for a fee. To show the match legally, such establishments were required to purchase the rights from Plaintiff, the owner of the exclusive right to publicly broadcast and license the public exhibition of the match.

On February 10, 2015, Plaintiff brought an action against Defendants for piracy, under 47 U.S.C. § 605(a), which prohibits the unauthorized reception and publication or use of wire or radio communications, and 17 U.S.C. § 501, which enforces the exclusive rights of copyright owners ("Section 605" and "Section 501," respectively). Plaintiff now seeks default judgment and requests $63,622.75 per defendant in statutory damages, enhanced damages, costs and fees, which if granted would amount to $190,868.25.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a party who has failed to plead or otherwise defend a claim for affirmative relief. Fed. R. Civ. P. 55(b)(2). Though "the entry of a default judgment is largely a matter of judicial discretion," the Court must determine that Plaintiff has stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990)).

The court may hold a hearing as to damages, but this is unnecessary where the court has sufficient basis for determining the damages. Fed. R. Civ. P. 55(b)(2)(B); Super 8 Worldwide, Inc. v. Urmita, Inc., No. 10-cv-5354 (WJM) (MF), 2011 WL 2909316, at *2 (D.N.J. July 18, 2011) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). Plaintiff does not seek a hearing, and the Complaint and accompanying submissions provide the Court with sufficient information to grant Plaintiff's claims under Sections 605 and 501, and award appropriate damages.

## IV.  DISCUSSION

As a preliminary matter, the Court finds Plaintiff has stated a sufficient cause of action under Section 605 based upon the information set forth in the Complaint. 47 U.S.C. § 605(a) (providing "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication . . . and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto"). Because Defendants have failed to respond to the complaint, the factual allegations in the complaint are accepted as true. Comdyne I, 908 F.2d at 1149. Taking the facts alleged by Plaintiff as true, the Court can presume liability in this case.

### A. Statutory and Enhanced Damages Under 47 U.S.C. § 605(a)

Where there has been a violation of Section 605, the aggrieved party may elect to pursue statutory or actual damages under 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff seeks the maximum, $10,000, in statutory damages against each defendant. 47 U.S.C. § 605(e)(3)(C)(i)(II). Plaintiff also seeks $15,000 in enhanced statutory damages against each defendant. Id. § 605(e)(3)(C)(ii). Under Section 605, the court may award from $1,000 to $10,000 in statutory damages, as the court

considers just. See id. § 605(e)(3)(C)(i)(II). The Court may award enhanced statutory damages "by an amount of not more than $100,000" if the violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." Id. § 605(e)(C)(ii).

Courts take various approaches to determine what it considers a just award. Here, the court finds no persuasive authority for awarding statutory damages per defendant where the essence of the harm was an illegal broadcast out of a restaurant. See Premium Sports, Inc. v. Candido Pereira, et al., No. 14-6240 (KSH), 2015 WL 5770517, at *2 (D.N.J. Sept. 30, 2015). "Refusing to award damages on a per defendant basis is particularly appropriate here, where [Plaintiff] has named three defendants while factually establishing no more than one [restaurant] and one broadcast event." Id.

Recent cases in this district have held that statutory damages should approximate actual damages. See, e.g., id.; Joe Hand Promotions, Inc. v. Cerreto, No. 13-cv-7647, 2014 WL 4612101, at *4 (D.N.J. Sept. 15, 2014); Joe Hand Promotions, Inc. v. Waldron, No. 11-849 (RBK/KMW), 2013 WL 1007398, at *6 (D.N.J. Mar. 13, 2013); J & J Sports Prods., Inc. v. Edrington, No. 10-3789 (CCC), 2012 WL 525970, at *3 (D.N.J. Feb. 16, 2012). "To determine actual damages, an appropriate starting point is to assess the cost of the licensing fee the defendants ought to have paid in order to broadcast legally." Premium Sports, 2015 WL 5770517, at *2. Plaintiff, however, does not provide any information about this cost. Another measurement courts have used is to assess a per patron rate of 50 dollars. Id. Here, Plaintiff alleges that 25 people were in the Restaurant at the time of the showing and, therefore, damages would be $1,250. Plaintiff's Affidavit in Support of Motion for Default Judgment ("Aff."), ECF No. 9-1, Ex. B (Audit Form). The Court will use this approach.

Plaintiff was unable to determine how Defendants intercepted the match at issue. Even so, Plaintiff alleges Defendants' conduct was willful and seeks $15,000 in enhanced statutory damages. Because this Court takes the facts alleged in the Complaint as true, this Court credits that defendants used illicit means to show the match. The court in Kingvision Pay-Per-View Ltd. v. Rodriguez, No. 02 Civ. 7972 (SHS), 2003 WL 548891, at *2 (S.D.N.Y. Feb. 24, 2003), enumerated various factors bearing on the issue of purposeful, willful conduct: "(1) whether the defendants intercepted unauthorized broadcasts repeatedly and over an extended period of time; (2) whether the defendants reaped substantial profits from the unauthorized exhibition; (3) whether the plaintiff suffered significant actual damages; (4) whether the defendants advertised the broadcast; and (5) whether the defendants charged cover fee or premiums on food or drink because of the broadcast." Premium Sports, 2015 WL 5770517, at *3 (citing Kingvision Pay-Per-View, 2003 WL 548891, at *2).

First, Plaintiff has not alleged Defendants have illegally broadcasted copyright materials in the past. Second, although Plaintiff alleges it suffered significant damages, it produces no evidence of actual damages beyond the lost license fee. Third, Plaintiff pleads no facts showing Defendants reaped significant financial gain. Fourth, while Plaintiff alleges the match was advertised, Plaintiff provides no factual information to establish the extent of the advertisements. Finally, Plaintiff provides no evidence that Defendants charged a cover fee or placed premiums on food or drink. Rather, Plaintiff's auditor indicates in her report that she was not charged a cover fee to enter the restaurant. Aff., Ex. B. In light of these factors, a total enhanced damage award of $1,250 is appropriate. See Premium Sports, 2015 WL 5770517, at *3 (awarding $1,000 of total enhanced damages where defendants showed the event to approximately 12 patrons, but

did not charge a cover or advertise the event); Cerreto, 2014 WL 4612101, at *4 (assessing $900 total enhanced damages for a bar filled almost to capacity, but without cover charge); Kingvision Pay-Per-View, 2003 WL 548891, at *2 (assigning $1,000 of total enhanced damages where defendants did not broadcast other events, advertise the event, charge a cover fee, or place a premium on food or drinks). Accordingly, the Court awards Plaintiff a total of $2,500 statutory and enhanced damages for violations of 47 U.S.C. § 605(a).

### B. Statutory and Enhanced Damages Under 17 U.S.C. § 504(c)

Plaintiff also seeks statutory and enhanced damages of $40,000 per defendant for violations of the Copyright Act, 17 U.S.C. § 504(c). Plaintiff has pleaded adequate information to show a violation of the Copyright Act as Plaintiff alleged (1) ownership of the allegedly infringed material, and (2) defendants violated at least one exclusive right of the copyright holder. See Premium Sports, 2015 WL 5770517, at *3.

Under § 504(c)(1), courts may award from $750 to $30,000 in statutory damages, as the court considers just. 17 U.S.C. § 504(c)(1). The Court may award enhanced statutory damages "to a sum of not more than $150,000" if the violation was committed willfully. Id. § 504(c)(2).

The Court awards minimum statutory damages of $750 and enhanced statutory damages of $750, for a total of $1,500 under 17 U.S.C. § 504(c). See Premium Sports, 2015 WL 5770517, at *3 (providing twice the statutory minimum of $750 under § 504(c)(1) where the court awarded the statutory minimum for a violation of § 605).

### C. Attorney Fees and Court Costs

Plaintiff also seeks $3,622.75 per defendant for attorney's fees and court costs pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) and 17 U.S.C. § 505. Under 47 U.S.C. § 605(e)(3)(B)(iii), the court

must award "recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." Plaintiff submitted an attorney affidavit, adequately detailing the request for legal fees and costs, for a total of $3,622.75. Attorney Affidavit in Support of Motion for Default Judgment, Costs, and Fees, ECF No. 9-5, at 6-9. Plaintiff is not entitled to triple this amount by assessing legal fees and costs against each defendant. See Premium Sports, 2015 WL 5770517, at *3. As such, the Court finds that the request for $3,622.75 in attorney's fees and costs reasonable and awards that amount against all Defendants.

### V. CONCLUSION

For the reasons described herein, Plaintiff's motion for default judgment is hereby granted. Default judgment shall be entered, and Defendants are jointly and severally liable to Plaintiff for a total amount of $7,622.75; consisting of (1) $2,500 in statutory and enhanced damages under § 605, (2) $1,500 in statutory and enhanced damages under § 504, and (3) $3,622.75 in attorneys' fees and costs. An appropriate Order accompanies this Opinion.

DATED: January 19, 2016

_____
**CLAIRE C. CECCHI, U.S.D.J.**